# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN D. DEICHSEL,**

    **Petitioner,**

    **v.**                                                             **Case No. 13-CV-1185**

**TIMOTHY DOUMA,**

    **Respondent.**

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RULE 4 ORDER

The petitioner, Steven D. Deichsel ("Deichsel"), who is currently incarcerated at the New Lisbon Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion for leave to proceed *in forma pauperis*. (Docket # 2.) Deichsel has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 6.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Deichsel's affidavit and his prison account statement, the Court finds that he has insufficient assets to pay the $5.00 filing fee. Deichsel claims that he has no assets (Docket # 2) and his prison account statement shows a

combined balance of $3.77 in his regular and release accounts (Docket # 6). Accordingly, Deichsel's motion to proceed *in forma pauperis* (Docket # 2) is granted.

Having granted Deichsel leave to proceed *in forma pauperis*, the Court must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). The petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner

- 2 -

who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.*

Deichsel states in his petition that he failed to appeal the Wisconsin Court of Appeals' July 10, 2013 decision to the Wisconsin Supreme Court. (Docket # 1 at 5.) A review of the Wisconsin Supreme Court and Court of Appeals Access Database indicates Deichsel did not file a petition for review with the Wisconsin Supreme Court, which he was required to do within 30 days of the decision of the court of appeals. Wisconsin Supreme Court and Court of Appeals Access Database, Appeal No. 2012AP1844, at http://wscca.wicourts.gov (last visited Nov. 13, 2013); Wis. Stat. § 808.10(1).By failing to timely file a petition for review, Deichsel has defaulted his federal claims in state court; thus, he meets the technical requirements for exhaustion as there are no state remedies available to him. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). However, a federal habeas court will only review a defaulted claim if the petitioner demonstrates either (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider the claims would result in a fundamental miscarriage of justice. *Id.* at 750.

Cause to overcome a procedural default requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet*, 390 F.3d at 515 (quoting *United States*

*v. Frady*, 456 U.S. 152 (1982) (emphasis omitted). The fundamental miscarriage of justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citation omitted).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). I conclude that a motion to dismiss the petition as procedurally barred is "inevitable" in this case.

Therefore, Deichsel will be allowed an opportunity to overcome his default by showing: (1) what cause he may have for his failure to properly present his defaulted claims and (2) what prejudice he suffered; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent. Deichsel should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

- 4 -

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner is directed to show cause, if any, by responding in writing by **Friday, January 3, 2014**, why his petition would not be dismissed as barred by the doctrine of procedural default. The petitioner is advised that, if he does not respond to this Order as directed, then this case will be dismissed as barred by the doctrine of procedural default.

Dated at Milwaukee, Wisconsin this 14th day of November, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge