# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN D. DEICHSEL,**

 Petitioner,

 v.             Case No. 13-CV-1185

**TIMOTHY DOUMA,**

 Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

  The petitioner, Steven D. Deichsel ("Deichsel"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) In an Order dated November 14, 2013, I found that Deichsel had procedurally defaulted his federal claims and explained that a federal habeas court will only review a defaulted claim if the petitioner demonstrates either (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider the claims would result in a fundamental miscarriage of justice. (Docket # 9 at 3.) Deichsel was directed to show cause as to why his petition should not be barred by the doctrine of procedural default. (*Id.* at 5.) After receiving several extensions of time, Deichsel has filed a response to the Court's Order. (Docket # 15.)

  As stated in the November 14, 2013 Order, cause to overcome a procedural default requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error

of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152 (1982) (emphasis omitted). The fundamental miscarriage of justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citation omitted).

Deichsel does not argue that failure to consider the claims would result in a fundamental miscarriage of justice. Therefore, I will focus on whether Deichsel has established cause for the procedural default and actual prejudice as a result of the alleged violation of federal law. Though the Supreme Court has not identified with precision exactly what constitutes cause to excuse a procedural default, generally a petitioner must show that something external to him, that is, out of his control, caused the procedural default. *See Morrison v. Duckworth*, 898 F.2d 1298, 1301 (7th Cir. 1990) (finding that a petitioner can establish cause by showing some objective factor external to the defense impeded efforts to comply with the State's procedural rules, some examples of external impediments being "factual or legal defenses not originally available or interference by officials that makes compliance with state procedures impracticable").

Deichsel argues that the ineffective assistance of counsel constitutes "cause for failure to properly present the defense" and that the "frequent changes in attorneys who failed to pursue appropriate motions creat[ed] an 'objective factor external to the defense which impeded counsel's efforts to comply with the State's procedural rule.'" (Docket # 15 at 1.) However, Deichsel does not explain how the alleged attorney misconduct prevented him from filing a petition for review with the Wisconsin Supreme Court. As such, the Court concludes that Deichsel has failed to show cause for his procedural default. As such, it is not necessary for this Court to determine whether he was

prejudiced. *See Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (finding a petitioner must show both cause and prejudice). Because Deichsel has failed to establish an exception to his procedural default, his petition for a writ of habeas corpus is denied as barred by the doctrine of procedural default.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When, as here, the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not find it debatable that this Court's procedural ruling was correct. Deichsel has failed to develop any argument as to why he was prevented from filing a petition for

review with the Wisconsin Supreme Court. As such, the Court will deny Deichsel a certificate of appealability. Of course, Deichsel retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of July, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge